IN RE ESTATE OF ARCHIBALD G. BUSH.
WARREN SPANNAUS, ATTORNEY GENERAL, AND
ANOTHER v. HERSCHEL S. ARROWOOD AND OTHERS.

250 N. W. 2d 146.

December 17, 1976—Nos. 46067, 46079, 46103.

*Warren Spannaus*, Attorney General, *Richard G. Mark*, Assistant Solicitor General, and *Stephen F. Befort* and *Christine M. Luzzie*, Special Assistant Attorneys General, for appellant attorney general.

*Gray, Plant, Mooty & Anderson* and *Edward J. Callahan, Jr.*, for appellant foundation.

*O'Connor & Hannan, Joe A. Walters, Frank J. Walz*, and *Charles D. Reite*, for respondents.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an appeal by the attorney general and The Bush Foundation from an order of the Honorable Otis H. Godfrey, Jr., Judge of the District Court, Ramsey County, ordering that the First Trust Company of St. Paul and the coexecutors of the Estate of Archibald G. Bush pay out certain sums of money in satisfaction of judgments entered December 27, 1973,[1] together with interest thereon from that date.

Under the statutes in force at the time this estate was probated,[2] representatives and attorneys for the estate were to be allowed "such compensation * * * as the [probate] court shall deem just and reasonable." Minn. St. 1971, § 525.49. See, also, Minn. St. 1971, § 525.515. The district court had equivalent authority to determine compensation in a de novo trial in exercise of its jurisdiction over appeals from the probate court. See, Minn. St. 1971, § 525.71(15), 525.72, 525.73; In re Estate of Bush, 304 Minn. 105, 230 N. W. 2d 33 (1975). The power to determine reasonable and just compensation included authority to award interest on a judgment setting compensation for representatives and attorneys.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.

---

[1] These judgments were previously affirmed. In re Estate of Bush, 304 Minn. 105, 230 N. W. 2d 33 (1975). The issue of interest on those judgments was neither before nor decided by the court in that opinion.

[2] Much of the procedure was modified or repealed with the adoption of the Uniform Probate Code by L. 1974, c. 442, and L. 1975, c. 347.